COBB, Judge
(concurring specially).
“ ‘The doctrine of stare decisis, though not without its limitations, is the only thing that gives form, and consistency, and stability to the body of the law. Its structural foundations, at least, ought not to be changed except for the weightiest reasons.’” Exxon Corp. v. Department of Conservation & Natural Res., 859 So.2d 1096, 1102 (Ala.2002) (quoting Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 340, 110 So. 574, 580 (1925) (Somerville, J., dissenting)). Because I believe in this cornerstone principle of our judicial system, I reluctantly concur with the other members of this Court in this case.
The victim in this case, J.H., was at the impressionable age of 5 when her 15-year-old uncle, B.H., took her into his bedroom, exposed his penis, and asked her to put her mouth on his penis. This incident took place at the home of J.H.’s grandmother. There is no evidence of any forcible compulsion; J.H. merely obeyed her uncle’s request.
The legal analysis in the majority opinion is correct. In Powe v. State, 597 So.2d 721 (Ala.1991), the Alabama Supreme Court held the threat of forcible compulsion was inherent when the perpetrator of the sexual offense against a child victim is an adult with whom the child is in a relationship of trust. However, the Supreme Court in Ex parte J.A.P., 853 So.2d 280 *351 (Ala.2002), limited the forcible-compulsion analysis of Poive to cases involving the sexual assault of children by adults who exercise positions of domination and control over children. J.H. did not reside with B.H., and there was no evidence indicating that he held a position of domination and control over J.H. Therefore, because of the holding of Ex parte J.A.P., supra, this Court cannot in this case apply the forcible-compulsion analysis found in Powe. Even though J.H. was only 5 years old, B.H. cannot be found guilty of first-degree sodomy under § 13A-6-63(a)(3), Ala.Code 1975, because he was 15 years old at the time he sodomized his niece. Because B.H. is not being punished for this disturbing act, the ends of justice are being thwarted.
The outcome in this case truly troubles me. As judges, however, our power to rectify this situation is limited. “ ‘ “To declare what the law is, or has been, is a judicial power; to declare what the law shall be, is legislative.” ’ ” City of Daphne v. City of Spanish Fort, 853 So.2d 933, 942 (Ala.2003), (quoting Sanders v. Cabaniss, 43 Ala. 173, 180 (1869), quoting in turn Thomas M. Cooly, Constitutional Limitations 91-95 (1868)). I write specially to encourage the Alabama Legislature to revisit our sexual-offense statutes— §§ 13A-6-60 through -70, Ala.Code 1975 — and to close the loophole that has allowed B.H. to elude the outstretched fingers of justice. The citizens of Alabama should have peace of mind in the knowledge that our laws protect our youngest and most vulnerable. However, as exemplified by this case, there is a breakdown in our current statutory structure regarding sexual offenses. Because this Court’s hands are tied in this matter, I call on the legislature to amend our current laws regarding sexual offenses to provide justice in cases such as this one.